

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 25, 1969

Honorable J. W. Edgar                    Opinion No. M-519
Commissioner
Texas Education Agency                   Re: Local fund credit to be
Austin, Texas                                assigned a school district
                                             containing a federal-owned
                                             military reservation fol-
                                             lowing annexation of
                                             another district pursuant
                                             to Sections 16.76 and
                                             19.262 of the Texas
                                             Education Code.

Dear Dr. Edgar:

You have requested an official opinion regarding the above
stated matter. We quote from your letter as follows:

"Pursuant to Article 2803b (now in Chapter 19,
Section 19.262, Texas Education Code) a prerequisite
petition has been presented to the El Paso County
Judge (under Article 2688i acting in the capacity
of a county school board) requesting that an election
be called to annex Canutillo Independent School Dis-
trict to the adjoining El Paso Independent School
District.

"In line with Section 19.262 of the Code, the
County Judge has asked the Board of Trustees of
El Paso Independent School District for its consent
or approval to the proposed annexation required by
subsection (c) prior to the calling of an election,
and the El Paso district is in the process of
gathering and studying information prior to making
its decision.

"...

-2476-

"The Canutillo district proposed to be annexed
to El Paso district has 96⁄ square miles of territory,
none of which is federal-owned military lands. Cur-
rently, El Paso district's local fund assignment credit
for military lands approximates 49 per cent. If
Canutillo district is combined with the El Paso District,
the resulting El Paso Independent School District, so
enlarged would have by virtue thereof 304⁄ square
miles of territory and the combined district would have
a reduced military land credit on its local fund
assignment approximating 34%.

"Thus, we are informed that should the Canutillo
district be annexed, the El Paso district so enlarged
would realize $334,244 less from Foundation School
Funds occasioned by the percentage change in the military
land credit, than it is currently realizing in its
present status, ...

"The Board of Trustees of the El Paso Independent
School District acting through its superintendent has
requested this Agency to submit for an opinion from
the Office of Attorney General the following question:

"Must the local fund assignment credit for
federal-owned military reservations be proportion-
ately computed on the basis of total territory
in a district enlarged by annexation, under
Chapter 19, Section 19.262, Texas Education Code,
or can the language in Subsection (k) be construed
to authorize computation of such credit otherwise."

Section 16.76 of the Texas Education Code sets out the
formula to be used in determining the local funds to be charged
to the various school districts. House Bill 959, Acts of the
61st Legislature, Regular Session, 1969, pages 2698 et seq.,
amended Section 16.76, and the pertinent provisions of H.B. 959
are quoted as follows:

"Provided, however, that in any district contain-
ing State University-owned land, State-owned prison land,

Federal-owned forestry land, Federal-owned reservoirs, Federal-owned recreation areas, <u>Federal-owned military reservations</u> or Federal-owned Indian reservations, <u>the amount assigned to such school district shall be reduced in the proportion that the area included in the above-named classification bears to the total area of the district.</u> Provided further, that no local fund assignment shall be charged to the Boys Ranch Independent School District in Oldham County, Texas, the Bexar County School for Boys Independent School District in Bexar County, Texas, and the Bexar County School for Girls Independent School District in Bexar County, Texas." (Emphasis added.)

It seems clear from the above underlined language that in any school district containing a federal-owned military reservation, such as El Paso presently has, the amount of local funds that the district is assigned to raise toward financing its own school is reduced by a percentage that the military reservation bears to the whole district. A discussion of the apparent purpose for such legislation can be found in <u>Central Education Agency v. Independent School District of El Paso</u>, 152 Tex. 56, 254, S.W.2d 357, (1953), and you are referred to the discussion in that case.

This brings us to the question at hand, and that is, what effect does the annexation of another district have on the local fund assignment of a receiving district which has a federal-owned military reservation or some other land, as set out in House Bill 959, as part of the receiving district.

Answer to this question lies in an analysis of certain provisions of Section 19.262 of the Texas Education Code, a codification of Article 2803b, Vernon's Civil Statutes, which authorizes and controls annexation of one school district by another in larger counties.

Subsections (i), (j) and (k) of Section 19.262 of Chapter 19 of the Texas Education Code control the effect of an annexation of existing school districts in larger counties. Subsections (i), (j) and (k) are quoted as follows:

"(i) Title to all property, real and personal, of the annexed district shall vest in the receiving district. The receiving district shall have complete authority over and management of the public schools in the territory annexed.

"(j) The receiving district shall assume all outstanding indebtedness of the annexed district, bonded or otherwise. Any tax in effect in the receiving independent school district shall continue and become effective and apply to the entire independent district as constituted after annexation is completed.

"(k) The independent receiving district shall continue as the same district and operate in all respects as it was prior to the annexation except that the annexed territory shall become liable for all indebtedness, subject to all taxes, and be a part thereof for all purposes as though originally included in the independent district." (Emphasis added.)

The above quoted sections construed as a whole would give the receiving district (El Paso) title to all the property and authority over all the personnel of the district to be annexed (Canutillo), and El Paso district would assume all debts of Canutillo district and property owners in Canutillo district would be immediately subject to the indebtedness, if any, and tax rate, etc. effective in El Paso District. Furthermore, the two districts would be treated as one district as if they had originally been set up as one district.

Therefore, the effect of one district (El Paso) annexing another (Canutillo) is the same as if the districts were originally set up as one district. It is, therefore, our opinion that the Commissioner of Education must look to the whole district, including the annexed territory, and determine what proportion of the whole district is composed of military or other charge free land, in determining what the local fund assignment must be.

This construction follows your long departmental interpretation and practice, which we do not believe the Legislature intended to change in adopting the Texas Education Code.

### S U M M A R Y

The local fund assignment credit for federal-owned military reservations must be proportionately computed on the basis of total territory in a district, including territory resulting from the annexation of another school district.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Malcolm Quick
Ed Esquivel
Scott Garrison
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant